## STATE v. CLARENCE E. WEIK.

139 N. W. (2d) 166.

December 3, 1965—No. 39,666.

*Floyd V. Nichols* and *Jack F. C. Gillard,* for appellant.

*Robert W. Mattson,* Attorney General, *Linus J. Hammond,* Assistant Attorney General, and *Robert C. Tuveson,* County Attorney, for respondent.

PER CURIAM.

Defendant appeals from an order of the district court denying his motion for a new trial.

On March 18, 1964, defendant was sentenced to imprisonment for a period not to exceed 5 years on the basis of a jury's verdict that he was guilty of a violation of Minn. St. 617.08, on November 19, 1963. There was adequate evidence to support the finding of guilt even though defendant's testimony, corroborated by two witnesses, was to the effect that he was not at the site of the crime at the time of its occurrence.

The significant fact issue in the case was one of identity. In this connection, except for one 43-year-old woman, the identifying witnesses were children under 12 years of age. The woman was permitted to place the defendant at a critical place from a cursory observation made on November 19, 1963, and meaningful to her because, as she testified, "when I was eleven years old I was attacked by this man." So far as the record discloses, the witness had not seen defendant during the interval — a period of over 30 years. The effect of the testimony, if believed, was fatal to any defense that might possibly be asserted with respect to the crime with which defendant was charged. We cannot say that the identification by this witness was so incredible as to have been without prejudice.

In the interests of justice there must be a new trial.

Reversed.